GARRETT S. LLEWELLYN (SBN 267427)
  garrett.llewellyn@btlaw.com
LYRIC D. MENGES (SBN 356378)
  lyric.menges@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:  (310) 284-3880
Facsimile:   (310) 284-3894

JEFF M. BARRON (*pro hac vice*)
  jeff.barron@btlaw.com
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Telephone:  (317) 231-7735

*Attorneys for Defendant*
DESIGNER BRANDS INC.,
DSW SHOE WAREHOUSE, INC., and
TOPO ATHLETIC, LLC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, ULTRA RECORDS, LLC, ZOMBA RECORDING, LLC, RECORDS LABEL, LLC, LaFACE RECORDS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DESIGNER BRANDS INC., DSW SHOE WAREHOUSE, INC., TOPO ATHLETIC, LLC,<br><br>Defendants. | Case No. 2:25-cv-07285-JC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(B)(2), 12(B)(3), 12(B)(6) AND THE FIRST-TO-FILE RULE; AND, ALTERNATIVELY, TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declarations and [Proposed] Order filed concurrently herewith*]<br><br>Judge: Jacqueline Chooljian<br>Hearing Date: November 18, 2025<br>Hearing Time:  9:30 a.m.<br>Courtroom:  750 |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 18, 2025 at 9:30 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Hon. Magistrate Judge Jacqueline Chooljian located at 255 East Temple Street, Courtroom 750, Los Angeles, California 90012, defendants Designer Brands Inc. ("DBI"), DSW Shoe Warehouse, Inc. ("DSW"), and Topo Athletic, LLC ("Topo") (collectively, "Defendants") will, and hereby do, move for an order dismissing Plaintiff Sony Music Entertainment's ("SME"), Sony Music Entertainment US Latin LLC's, Arista Music's, Arista Records, LLC's, Ultra Records, LLC's, Zomba Recording, LLC's, Record Label, LLC's, and LaFace Records, LLC's (collectively, "Plaintiffs") Complaint ("Motion").

This Motion is made pursuant to Federal Rule of Civil Procedure Rules 12(b)(2), 12(b)(3), 12(b)(6), the first-to-file rule, and 28 U.S.C. § 1404(a), and on the following grounds:

(1) Failure to adequately plead personal jurisdiction (Fed.R.Civ.P. 12(b)(2) and 12(b)(6));

(2) Lack of personal jurisdiction (Fed.R.Civ.P. 12(b)(2));

(3) Improper venue (Fed.R.Civ.P. 12(b)(3));

(4) The first-to-file rule; and,

(5) Alternatively, to transfer to the Southern District of Ohio to (a) cure the lack of venue under 28 U.S.C. § 1406(a), (b) pursuant to the first-to-file rule and/or (c) for party or judicial convenience under 28 U.S.C. § 1404(a).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Katherine Alfano, the Declaration of Natalie Riley, the Declaration of Jeff M. Barron, the Complaint and all materials incorporated or relied upon in it, matters of which this Court may take judicial notice, any oral argument upon the Motion and any and all other materials the

1  Court deems proper.

2      This Motion is made following the conference of counsel pursuant to Local

3  Rule 7-3, which took place on September 30, 2025. *See* Declaration of Jeff M. Barron

4  ¶ 8.

5

6  Dated: October 7, 2025           **BARNES & THORNBURG LLP**

7

8                        By: _____/s/ Garrett S. Llewellyn_____
                              Garrett S. Llewellyn

9                              Lyric D. Menges

10                             Jeff M. Barron (*pro hac vice*)

11

12                             *Attorneys for Defendants*
                              DESIGNER BRANDS INC.,

13                             DSW SHOE WAREHOUSE, INC., and
                              TOPO ATHLETIC, LLC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND .............................................................................2

    A.    The Dispute ...............................................................................................2

    B.    The Parties.................................................................................................3

        1.    Defendants ......................................................................................3

        2.    Plaintiffs ........................................................................................3

    C.    Procedural History ....................................................................................4

        1.    The First Ohio Case .......................................................................4

        2.    The Second Ohio Case....................................................................5

        3.    This Action .....................................................................................6

    D.    The Complaint's Threadbare Personal Jurisdiction Allegations ...........6

    E.    Topo And DBI Have No Salient Connections to California .................8

        1.    Topo has no relevant connections to California or this District...8

        2.    DBI has no relevant connections to California or this District ..10

III.    LEGAL STANDARDS .....................................................................................11

    A.    Personal Jurisdiction ...............................................................................11

    B.    Proper Venue for a Copyright Claim .....................................................14

    C.    First-to-File Rule.....................................................................................15

    D.    Transfer for Convenience........................................................................16

IV.     ARGUMENT ....................................................................................................17

    A.    The Complaint Should Be Dismissed for Lack of Personal Jurisdiction ............................................................................................................17

    B.    No Set of Allegations Could Establish That the Court Has Personal Jurisdiction Over Defendants Topo Or DBI. .........................................18

    C.    The Court's Lack of Personal Jurisdiction Over Any One Defendant Requires Dismissal For Improper Venue As To All Defendants .........20

    D.    The Complaint Should Be Dismissed Under the First-To-File Rule....20

        1.    All Elements of the First-to-File Rule Are Met..........................20

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

2.    No Exception Applies.................................................................21

E.    Alternatively, If Not Dismissed, The Case Should Be Transferred For Party And Judicial Convenience Under 28 U.S.C. § 1404(a) ..............23

V.    CONCLUSION ...............................................................................25

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
5          946 F.2d 622 (9th Cir. 1991) ............................................................. 15

6
*Atlantic Recording Corp., et al. v. Designer Brands Inc., et al.*,
7          No. 2:25-cv-00479-MHW-EPD (S.D. Ohio), Dkt. 1 ................................*passim*

8
*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
9          874 F.3d 1064 (9th Cir. 2017) ............................................... 12, 13, 17

10
*Bratt v. Love Stories TV, Inc.*,
11          713 F. Supp. 3d 847 (S.D. Cal. 2024) ................................................ 13

12
*Columbia Pictures Telev. v. Krypton Broad. of Birmingham, Inc.*,
          106 F.3d 284 (9th Cir. 1997), *rev'd on other grounds, Feltner v.*
13          *Columbia Pictures Telev., Inc.,* 523 U.S. 340 (1998) .................................. 14, 20

14
*Crouch v. Ruby Corp.*,
15          639 F. Supp. 3d 1065 (S.D. Cal. 2022) .............................................. 14

16
*Desire, LLC v. Manna Textiles, Inc.*,
17          986 F.3d 1253 (9th Cir. 2021) ..................................................... 22, 23

18
*EMI Christian Music Grp., Inc. v. MP3tunes, LLC*,
19          844 F.3d 79 (2d Cir. 2016) ......................................................... 23

20
*In re Ethereummax Inv.*,
21          2022 WL 20804358 (C.D. Cal. Dec. 6, 2022)...................................... 14, 17

22
*Gamboa v. USA Cycling, Inc.*,
          No. 2:12-cv-10051-ODW(MRWx), 2013 WL 1700951 (C.D. Cal.
23          Apr. 18, 2013)..................................................................... 15, 20

24
*Gulf Oil Corp. v. Gilbert*,
25          330 U.S. 501 (1947) ............................................................... 24

26
*Harrington v. Cracker Barrel Old Country Store, Inc.*,
27          142 F.4th 678 (9th Cir. 2025)..................................................... 11, 12

28

*HiTherm, LLC v. Victaulic Company*,
   No. 8:22-00924-ADS, 2022 WL 19239750 (C.D. Cal. July 7, 2022) ...15, 20, 21

*Home Ins. Co. v. Thomas Indus., Inc.*,
   896 F.2d 1352 (11th Cir. 1990) ........................................................................20

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ............................................................................16

*Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*,
   486 F. Supp. 3d 1353 (N.D. Cal. 2020)............................................................13

*King v. Russell*,
   963 F.2d 1301 (9th Cir. 1992) ..........................................................................14

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ..........................................................................15

*Lee v. Amazon.com Inc.*,
   No. 221CV01090RAJBAT, 2023 WL 6931800 (W.D. Wash. July
   27, 2023) ...........................................................................................................23

*Leroy-Garcia v. Brave Arts Licensing*,
   No. C 13-01181 LB, 2013 WL 4013869 (N.D. Cal. Aug. 5, 2013).............15, 20

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
   22 F.4th 852 (9th Cir. 2022) .............................................................................13

*Markel Am. Ins. Co. v. Pac. Asian Enters.*,
   No. C-07-5749 SC, 2008 WL 2951277, 2008 U.S. Dist. LEXIS
   60536 (N.D. Cal. July 28, 2008) ......................................................................15

*No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*,
   940 F. Supp. 2d 1285 (S.D. Cal. 2013) ............................................................16

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ..........................................................................12

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ............................................................................14

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ..........................................................................................24

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) ....................................................................................... 24

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ...................................................................... 13

*SAES Getters S.p.A. v. Aeronex, Inc.*,
    219 F.Supp.2d 1081 (S.D. Cal. 2002) ......................................................... 15

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .................................................................. 12, 13

*Sony Music Entertainment, et al. v. University of Southern California*,
    No. 1:25-cv-02043 (S.D.N.Y.) ....................................................................... 3

*TC Heartland LLC v. Kraft Foods Grp, Brands LLC*,
    581 U.S. 258 (2017) ....................................................................................... 14

*Trimble Inc. v. PerDiemCo LLC*,
    997 F.3d 1147 (Fed. Cir. 2021) .................................................................... 25

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ....................................................................................... 16

*Vu v. Ortho–McNeil Pharm., Inc.*,
    602 F.Supp.2d 1151 (N.D. Cal. 2009) ......................................................... 16

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................. 11, 13

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) (*en banc*) ............................................... 13, 25

*Young v. L'Oreal USA, Inc.*,
    526 F. Supp. 3d 700 (N.D. Cal. 2021) ......................................................... 16

**Statutes**

28 U.S.C. 1404(a) ............................................................................................... 2

28 U.S.C. 1406(a) ........................................................................... 2, 14, 20, 25

28 U.S.C. § 1404(a) .............................................................................. 16, 23, 25

35 U.S.C. § 1400(a) ...................................................................................... 2, 14

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ........................................................................11, 17, 18, 19

Fed.R.Civ.P. 12(b)(3) ...........................................................................14, 17, 18, 20

Fed.R.Civ.P. 12(b)(6) ....................................................................................17, 18

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

Plaintiffs are based in New York City.[1] Defendants sell shoes and are based in Columbus, Ohio (DSW and DBI) or Massachusetts (Topo). Not a single party is incorporated in California or has a headquarters here. Moreover, a month before Plaintiffs filed their Complaint, Defendants filed a declaratory judgment action against Plaintiff Sony Music Entertainment ("SME") in the Southern District of Ohio where a related lawsuit was already pending. *See Atlantic Recording Corp., et al. v. Designer Brands Inc., et al.*, No. 2:25-cv-00479-MHW-EPD (S.D. Ohio), Dkt. 1 ("First Ohio Case"); *Designer Brands Inc., et al. v. Sony Music Entertainment, et al.*, No. 2:25-cv-00765-MHW-EPD (S.D. Ohio), Dkt. 1 ("Second Ohio Case"; collectively, the "Ohio cases").[2] The Ohio cases have been consolidated before the same judge and magistrate and the First Ohio Case is well into fact discovery.

There is no reason for this case to exist or for it to be in Los Angeles. New York Plaintiffs are suing Massachusetts and Ohio Defendants for actions that took place in Massachusetts and Ohio. The Second Ohio Case already addresses all the claims that Plaintiffs seek to advance here. Moreover, Plaintiffs' claims in this case overlap with both the claims of their co-defendants in the Second Ohio Case as well as the claims advanced by Plaintiffs in the First Ohio Case. In other words, Plaintiffs' Complaint is late, missing necessary parties, and the parties' disputes have no relationship to California or this District.

---

[1] Plaintiff Sony Music US Latin LLC has an address in Florida; the remaining Defendants, however, have a common headquarters at 25 Madison Avenue, New York, New York. Declaration of Jeff Barron ("Barron Decl."), Ex. C at ¶¶ 19-27; Ex. D.

[2] The Defendants' Answer to First Amended Complaint in the First Ohio Action is submitted as Ex. A to the Barron Declaration. The Complaint in the Second Ohio Action is Ex. B.

Indeed, there are fundamental jurisdictional defects in Plaintiffs' Complaint. Plaintiffs have failed to plead facts establishing personal jurisdiction over any Defendant and the Declarations of Katherine Alfano ("Alfano Decl.") and Natalie Riley ("Riley Decl.") establish that there is no plausible basis that could be pled to establish personal jurisdiction over Defendants Topo and DBI. Indeed, Plaintiffs bear the burden of establishing personal jurisdiction over each of the **three** Defendants and yet their best factual allegation in support of personal jurisdiction is a cite to a single TikTok post by **one** Defendant (DSW) concerning the Coachella Music & Arts Festival. Complaint at ¶ 51. Such a threadbare allegation is not sufficient to establish personal jurisdiction over any Defendant. Venue is also improper under 35 U.S.C. § 1400(a) as to all three Defendants.[3] And it is more convenient to all parties—and a more efficient use of judicial resources—to resolve these disputes in the Ohio cases.

Thus, the Court should dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2), 12(b)(3) and 12(b)(6) for lack of personal jurisdiction and improper venue as well as pursuant to the first-to-file rule. Alternatively, the Court should transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1406(a) to cure the lack of venue, pursuant to the first-to-file rule, and/or under 28 U.S.C. 1404(a) for party and judicial convenience.

## II.    FACTUAL BACKGROUND

### A.    The Dispute

This action and the Ohio cases concern Plaintiffs' allegations that Defendants have improperly used their music in Defendants' social media posts on sites like Instagram and TikTok. *See* Dkt. 1 at ¶¶ 1, 26-67. Plaintiffs claim that Defendants committed copyright infringement. *Id.* Defendants disagree. Among other things,

---

[3] As discussed in Part III.C (lack of venue), the Court's lack of personal jurisdiction over either Topo or DBI means that the Court should also dismiss the claims against DSW **with prejudice**.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants contend that Plaintiffs' own conduct and arrangements with the social media platforms at issue (Instagram, TikTok, and others) preclude Plaintiffs from making any colorable copyright infringement claim against them. *See, e.g.,* Barron Decl., Ex. B at ¶¶ 1-8, 29-91. Defendants have also pled numerous defenses in the Ohio cases, including estoppel, fair use, and implied license. *See id.*; *see also* Barron Decl., Ex. A at Affirmative and Additional Defenses. Nonetheless, Defendants are seeking to take down all accused posts out of an abundance of caution

### B.    The Parties

#### 1.    Defendants

Defendant DBI is publicly traded and owns various companies that sell shoes and accessories, including DSW and Topo. Alfano Decl. at ¶¶ 2, 3. DBI is an Ohio corporation with its principal place of business in Columbus, Ohio. *Id.* It has no facilities in California. *Id.*

Defendant DSW is a Missouri corporation with its principal place of business in Columbus, Ohio. Alfano Decl. at ¶ 12. DSW operates retail stores throughout the U.S., of which only a fraction are in California. *Id.* DSW has no other facilities in California. *Id.*

Defendant Topo is a Delaware limited liability company and is headquartered in Framingham, Massachusetts. Alfano Decl. at ¶ 13. Topo makes and sells its own brand of specialty athletic shoes. Riley Decl. at ¶ 2. DBI acquired Topo in December 2022 and, since its acquisition by DBI, Topo also maintains a place of business in Columbus, Ohio. *Id.* at ¶ 3. Topo has no facilities in California. *Id.* at ¶¶ 4, 5.

#### 2.    Plaintiffs

New York Plaintiffs are frequent copyright litigants; they filed one of their more recent cases against the University of Southern California in their home district of the Southern District of New York, styled *Sony Music Entertainment, et al. v. University of Southern California*, No. 1:25-cv-02043 (S.D.N.Y.), filed March 11, 2025. Barron Decl., Ex. C. In Plaintiffs' New York lawsuit against USC, Plaintiffs

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

allege that SME is a Delaware general partnership, "headquartered in New York City" with a "principal place of business … at 25 Madison Avenue, New York, New York 10010." *Id.* at ¶ 19. The same Complaint identifies all other Plaintiffs in this case except for Sony Music Entertainment US Latin LLC as either Delaware limited liability companies or New York partnerships with the same headquarters at 25 Madison Avenue, New York, New York. *Id.* at ¶¶ 20-27. A public records search identifies Sony Music Entertainment US Latin LLC as a Delaware limited liability company with its principal place of business in Coconut Grove, Florida. Barron Decl., Ex. D. To Defendants' knowledge, no Plaintiff is incorporated or has a principal place of business in California or this judicial district.

## C. Procedural History

### 1. The First Ohio Case

The First Ohio Case was filed against Defendants on May 1, 2025, by a group of music labels and publishers led by Warner Music Group (collectively, "Warner"). Like the present lawsuit, Warner alleged that Defendants' social media posts infringed Warner's copyrights. First Ohio Case, Dkt. 1. As discussed below, Warner and SME each claim to own copyrights to many of the same songs, which is common in the music industry.[4] Warner filed its Complaint in the Southern District of Ohio on May 1, 2025. *Id.* Warner subsequently filed a First Amended Complaint on July 1, 2025. *Id.*, Dkt. 19. Warner's complaints allege the same three causes of action against Defendants that Plaintiff alleges here: direct copyright infringement, indirect infringement, and vicarious infringement. *See, e.g., id.* at ¶¶ 53-74. Warner's First

---

[4] For example, one company may own the copyright to the recording of a song while a different company may own the copyright to the composition of the song. *See* Barron Decl., Ex. B (Complaint in Second Ohio Case) at ¶¶ 20, 22-26 & *id.*, Exs. B-1 and B-2. It is also relatively common for multiple companies to have a fractional ownership to the same composition: for example, two companies may split ownership of a copyright to a musical composition 50-50 or in some other proportion. *Id.*

Amended Complaint in the First Ohio Case includes Schedule A, which identifies the musical recordings and compositions at issue as well as the allegedly infringing posts. *Id.* at Schedule A.  The First Ohio Case is currently in the fact discovery phase. Barron Decl. at ¶ 2.

## 2.    The Second Ohio Case

In the modern music industry, copyrights to popular music are frequently owned by multiple labels and publishers. For example, both Warner and the Plaintiffs in this case claim to own some fraction of the copyrights to the same Beyoncé song, "AMERICA HAS A PROBLEM," and both Warner and the Plaintiffs in this case have accused the exact same post on TikTok of purportedly infringing their copyright interests in this same Beyoncé song. *See, e.g.,* Dkt. 1-1 at page 1 (line 11) and First Ohio Case, Dkt. 19-1 at page 6. Consequently, Warner's filing of the First Ohio Case triggered multiple inquiries from other labels and music publishers as they realized that they may have fractional or concurrent rights in the very same copyrights targeting the very same social media posts at issue in the First Ohio Case. *See, e.g.,* Barron Decl. at Exs. B-1, B-2, E, F. Defendants were contacted by multiple labels and publishers, all asserting that they also owned copyrights in songs at issue in the First Ohio Case. *Id.* Plaintiffs were some of those labels. *See, e.g., id.*, Exs. E, F.

Defendants do not believe that they have done anything wrong. Further, Defendants have prophylactically sought to take down any posts that might contain the music at issue. Nonetheless, facing multiple inquiries from labels and publishers concerning the same social media posts and alleged copyright interests in the same songs, Defendants' hands were forced. On July 9, 2025, Defendants filed the Second Ohio Case, which is a declaratory judgment action seeking, among other things, a declaration that Defendants do not infringe any valid copyright owned in whole or in part by Plaintiffs or four other music labels or publishers.[5] Barron Decl., Ex. B.

---

[5] Namely, Sony Music Publishing (US) LLC, UMG Recordings, Inc., Universal

Defendants advised the Court of the Second Ohio Court's relationship to the First Ohio Case and the Court *sua sponte* consolidated the matters before the same district judge and magistrate. Second Ohio Case, Dkt. 8.

After filing the Second Ohio Case, Defendants sought to negotiate a resolution of these disputes with the Plaintiffs and the other labels and publishers. *See, e.g.,* Barron Decl., Ex. F. After Plaintiffs filed their Complaint in this case on August 6, 2025, however, Defendants' hands were forced again. Defendants served their declaratory judgment complaint on Plaintiffs on August 8, 2025. Second Ohio Case, Dkt. 10. Plaintiffs' answer in the Second Ohio Case is currently due on October 20, 2025. *Id.*, Dkt. 19. None of the Plaintiffs in the First Ohio Case and none of SME's four co-defendants in the Second Ohio Case are parties to the present case.

### 3.    This Action

Plaintiffs filed this action on August 6, 2025, effectively duplicating Defendants' claims in the previously filed Second Ohio Case. Dkt. 1. The Complaint provides no indication as to why Plaintiff filed in California or chose this District as its venue. As noted above, none of the parties are incorporated in or have a principal place of business in California.  Defendants' response to the Complaint is currently due on October 24, 2025, but because the parties and this Court should spend no more time or resources on this duplicative action, Defendants file this Motion, early hoping for an early resolution of this action.

### D.    The Complaint's Threadbare Personal Jurisdiction Allegations

Plaintiffs' Complaint improperly engages in group pleading, and groups all three Defendants—DSW, DBI and Topo—under the moniker "DSW." Dkt. 1 at p. 1. In fact, DSW, DBI and Topo are distinct entities with different businesses. Alfano Decl. at ¶ 11; Riley Decl. at ¶¶ 2-4, 8, 9, 10(d). The Complaint's attempt to group all Defendants into a fictional whole, however, still yields threadbare personal

Music Publishing (US) LLC, and BMG Rights Management (US) LLC.

jurisdiction allegations—at best. *See* Dkt. 1 at ¶¶ 11-17, 51.

- The Complaint makes no allegation that the Court has general jurisdiction over any Defendant. Rather, the Complaint alleges only that the Court has specific jurisdiction over Defendants because they "have [purportedly] purposefully directed their infringing activities at California." *Id.* at ¶ 10. As discussed below however, the Complaint alleges no facts supporting any purported "purposeful direct[ion]" towards California.

- Paragraphs 11 and 12 consist of conclusory allegations arguing that "DSW" and "influencers" purportedly target customers in California. They contain no factual allegations supporting this claim, however. *Id.* Nor do Paragraphs 11 and 12 allege that Defendants targeted customers in California any more than they targeted customers in the other 49 states.

- Paragraph 13 also largely consists of conclusory allegations, although it adds the factual allegation that "DSW maintains more than 40 retail stores in California—more stores than any other State within the United States." *Id.* Yet, because the Complaint improperly defines "DSW" as a collection of three entities, this allegation does not properly allege which entity purportedly has stores in California. In fact, DBI and Topo have **no** stores in California. Alfano Decl. at ¶¶ 3, 8; Riley Decl. at ¶¶ 4, 5.

- Paragraph 14 (and associated Paragraph 51) assert that DSW reposted content from an influencer concerning the Coachella Valley Music & Arts Festival, which is held in Indio, California. But there is no allegation that any Defendant had any presence at Coachella. *Id.* Moreover, neither DBI nor Topo had any involvement in this post. *Id.*; Alfano Decl. at ¶ 10(d); Riley Decl. at ¶ 10(d).

- Paragraph 15 alleges that "until March 2025, DSW maintained in California (via a third party operator) a facility for processing, sorting and shipping products[.]" This Paragraph admits more than it alleges, as it

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

concedes that (a) the purported facility was owned by a third party rather than any Defendant and (b) the purported facility ***no longer existed*** at the time the Complaint was filed. *Id.* Moreover, there is no allegation that this warehouse was involved with any of the accused conduct or social media posts by any Defendant. *Id.* And DBI and Topo did not use it. Alfano Decl. at ¶ 10(e); Riley Decl. at ¶ 10(e).

- Paragraph 16 contains the unsupported (and conclusory) claim that "on information and belief" some unidentified posts by someone (vaguely alleged as "DSW and its influencers") were "stored and transmitted through computer servers located in California[.]" No server is identified, however, and no facts are pled to support Paragraph 16's speculation.

The remainder of the Complaint's allegations concerning personal jurisdiction and venue are recitals of the relevant statutes and conclusory statements that jurisdiction and venue are proper. *Id.* at ¶¶ 9, 10, 17.

### E.    Topo And DBI Have No Salient Connections to California

Although Defendants do not concede that personal jurisdiction is proper as to ***any*** Defendant, Topo's and DBI's lack of any connection to California or any purposeful direction to California customers and the California market is glaring.

### 1.    Topo has no relevant connections to California or this District.

Defendant Topo is a specialty shoe company focused on selling shoes for hiking, walking and running. Riley Decl. at ¶ 2.    Topo is headquartered in Framingham, Massachusetts. *Id.* at ¶¶ 1-3. Topo's other office is in Columbus, Ohio. *Id.*    Topo has no retail stores in California; in fact, Topo has no stores or retail establishments at all. *Id.* at ¶¶ 4, 5. Rather, Topo's products are offered online and through retail establishments owned and operated by others. *Id.* at ¶ 4.

Topo undertakes no specific or special efforts to target the California market, either through sales or advertising directed at California consumers. *Id.* at ¶¶ 6, 9, 10(a)-(e). Indeed, thus far in 2025, shipments to Texas and Arizona reflected the first

Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

and second highest percentages of Topo's revenue from sales. *Id.* at ¶ 10(b). At no time in the last three years, however, have shipments to any single state exceeded 9% of Topo's revenues. *Id.*

None of Topo's relevant employees are in California. In fact, Topo has exactly *one* remote worker in California who provides accounting services. *Id.* at ¶ 4. This person had (and has) no involvement with social media or any social media posts. *Id.* To the contrary, the Topo employees who have been and are responsible for posting to Topo's social media accounts are in Massachusetts. *Id.* at ¶¶ 3, 10(a), (c), (d).

Topo also does not post in California or contract with California persons or companies to post on Topo's accounts on social media. In the ordinary course, Topo's employees prepare posts in Massachusetts which are then uploaded to the relevant social media platform by a third-party scheduler, Sprout Social ("Sprout"). *Id.* at ¶ 7. Topo's relationship with Sprout is arms-length, but the interactions between Topo and Sprout are primarily between Topo employees in Massachusetts and Sprout employees in Chicago, Illinois. *Id.* Indeed, to Topo's knowledge, Sprout has no offices in California: Sprout's webpage states that its offices are in Chicago, Seattle, Dublin, Ireland and Poland. *See https://sproutsocial.com/contact-us/* (last visited October 2, 2025). Sprout's Terms of Service choose Illinois law and Chicago, Illinois as the forum for any disputes. *See* https://sproutsocial.com/legal/terms/ at § 13.9 (last visited October 7, 2025).[6]

Moreover, after a diligent investigation, Topo is not aware of ***any*** content being posted to any of its accounts by any person in California at any time. Riley Decl. at ¶¶ 3, 6. Neither Topo nor any third party working with it (*e.g.*, an influencer) made any of the social media posts cited in the Complaint in California. *See* Dkt. 1 at ¶¶ 47-

---

[6] There have been times when Topo directly posted content to social media without using Sprout, but those posts were also made outside California (primarily in Massachusetts). Riley Decl. at ¶¶ 3, 6.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

52, 63, 66 & Figs. 1-10, 12-14. Indeed, these posts are not even attributed to Topo (*id.*) and Topo was not involved with them (Riley Decl. at ¶ 5). Of the **10** accused posts on Exhibit A to the Complaint that are allegedly attributed to Topo (Dkt. 1-1), none were created in California, uploaded in California, or directed toward California consumers or the California market. *Id.* at ¶ 6.[7] Topo also was not involved in the post cited in the Complaint concerning the Coachella music festival in California. *Id.* at ¶ 10(d); *compare* Dkt. 1 at ¶ 51 & Figs. 9 & 10.

2.    <u>DBI has no relevant connections to California or this District</u>

Defendant DBI has no relevant connections to California. DBI is headquartered in Columbus, Ohio, and is the publicly traded owner of certain companies that sell shoes and accessories.  Alfano Decl. at ¶ 2. DBI owns DSW and indirectly owns a majority interest in Topo. *Id.* at ¶¶ 12, 13.

DBI has no facilities in California. *Id.* at ¶ 8.  DBI has no stores or retail establishments of its own; nor does it sell products. *Id.* at ¶ 3. DBI undertakes no specific or special efforts to target the California market, either through sales or advertising. *Id.* at ¶ 10(a)-(e).  DBI instead generally functions as a holding entity and provides corporate services to its direct and indirect subsidiaries, which include not only DSW and Topo but also other entities. *Id.* at ¶ 3.

DBI does not generally post to social media in support of products offered by its direct or indirect subsidiaries. *Id.* at ¶ 4. DBI does not generally engage with influencers or other third parties to promote products, events or services. *Id.* None of the posts identified in the Complaint are by or on behalf of DBI. *Compare* Dkt. 1 at

---

[7] The Riley Declaration addresses each of the 10 posts: eight have nothing to do with California; one has a brief mention of a run in Joshua Tree (among other things) but is not otherwise about California and does not target California; and, despite Topo's diligent efforts, the tenth post cannot be identified from Plaintiffs' description. Riley Decl. at ¶ 6. Based on how Topo prepares and targets its social media posts, however, Topo is confident that this tenth post was not made in California, uploaded in California, and does not target California. *See id.*

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

¶¶ 47-52, 63, 66 & Figs. 1-10, 12-14. With one exception—an Instagram Story from February 14, 2023—none of the posts identified in Exhibit A to the Complaint are by or on behalf of DBI. *Id.* at ¶ 7. The sole Instagram Story attributed to DBI on Exhibit A does not concern, relate to, or target anyone in California. *Id.* None of the influencers identified on Exhibit A work for or with DBI. *Id.* at ¶¶ 9, 10(d). DBI also was not involved in the posts cited in the Complaint relating to Coachella. *Id.* at ¶ 10(d); *see also* Dkt. 1 at ¶ 51 & Figs. 9 & 10.

Indeed, DBI's only currently active social media account is a LinkedIn account: https://www.linkedin.com/company/designer-brands-inc. *Id.* at ¶ 6. Although there may be other accounts that somehow reference "Designer Brands," they are either not presently in use or not owned by DBI. *Id.* at ¶¶ 5, 6, 7.[8]  A diligent search of DBI's HR records has identified only one remote employee in California: he provides IT support and has no responsibility for marketing or posting on social media (including LinkedIn). *Id.* at ¶ 8.

## III.    <u>LEGAL STANDARDS</u>

### A.    **Personal Jurisdiction**

A district court must dismiss any defendant over which it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction may be general or specific, but jurisdiction must be established over ***each*** defendant. *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *see also Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 685 (9th Cir. 2025) ("The mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the drug] in California … could not support the assertion of specific personal jurisdiction over the nonresidents' claims.") (citing and quoting *Walden*, 571 U.S. at 265). "General 'or all-purpose' jurisdiction is available in the forum in which the defendant is 'fairly regarded as at home'; for corporate defendants

---

[8] As discussed in the Alfano Declaration, there is a DBI Instagram account that is not currently active. Alfano Decl. at ¶ 6.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

… that typically means the state in which the defendant is incorporated or has its principal place of business." *Harrington*, 142 F.4th at 685 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122, 137 (2014)). "Specific jurisdiction, on the other hand, 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Walden*, 571 U.S. at 284.

Plaintiffs do not assert that the Court has general jurisdiction over any Defendant. Dkt. 1. Instead, Plaintiffs allege that the Court has specific jurisdiction over Defendants because they have purportedly "purposefully directed their infringing activities at California, the California market, and California customers." Dkt. 1 at ¶ 10; *see also id.* at ¶¶ 11-16, 51. When considering whether it has personal jurisdiction over a defendant, a court's primary concern is the burden on the defendant. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). The Ninth Circuit applies a three-prong test when assessing a claim of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted).

To establish the first prong—purposeful availment or direction—a plaintiff must demonstrate: (a) the defendant committed an intentional act; (b) that was expressly aimed at the forum state; and (c) the defendant knew the brunt of the harm was likely to be suffered in the forum state. *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Calder v. Jones*, 465 U.S. 783, 788–89 (1984)). The plaintiff bears

1  the burden of demonstrating the first two prongs of the test. *Ranza v. Nike, Inc.*, 793

2  F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*,

3  653 F.3d 1066, 1076 (9th Cir. 2011)). If the plaintiff satisfies the first two parts of the

4  test, the burden shifts to the defendant to "to set forth a 'compelling case' that the

5  exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King v.*

6  *Rudzewicz*, 471 U.S. 462, 476–78 (1985)). Nonetheless, "[a] strong showing on one

7  axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le*

8  *Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (*en banc*).

9      In copyright cases, the Ninth Circuit has held that personal jurisdiction may

10  rest, in part, on "individualized targeting" of a plaintiff by a defendant who knew "of

11  the existence of a copyright and the forum of the copyright holder." *Axiom Foods,*

12  *Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). "[T]he plaintiff [,

13  however,] cannot be the only link between the defendant and the forum." *Walden*, 571

14  U.S. at 285. As a Northern District of California court observed, "while a theory of

15  individualized targeting may remain relevant to the minimum contacts inquiry, it will

16  not, on its own, support the exercise of specific jurisdiction, absent compliance with

17  what *Walden* requires." *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*,

18  486 F. Supp. 3d 1353, 1360 (N.D. Cal. 2020) (quoting *Axiom Foods*, 874 F.3d at

19  1070).

20      When a defendant moves to dismiss a complaint for lack of personal

21  jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is

22  appropriate. *See, e.g., Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847, 854 (S.D.

23  Cal. 2024); *see also Schwarzenegger*, 374 F.3d at 800 (9th Cir. 2004). Although the

24  plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted

25  allegations in the complaint must be taken as true. *LNS Enters. LLC v. Cont'l Motors,*

26  *Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (holding Plaintiffs failed to meet their burden

27  to establish that Defendant had sufficient minimum contacts to subject it to

28  jurisdiction in the forum). Moreover, a court may not assume the truth of allegations

in a pleading which are contradicted by affidavit. *Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1074 (S.D. Cal. 2022) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Finally, because personal jurisdiction must be established defendant-by-defendant, group pleading fails to adequately plead personal jurisdiction. *See, e.g., In re Ethereummax Inv.*, 2022 WL 20804358, at *9 (C.D. Cal. Dec. 6, 2022) (dismissing Complaint for "improper" group pleading of personal jurisdiction).

### B.    Proper Venue for a Copyright Claim

Under Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Once challenged, the plaintiff bears the burden of proving that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Copyright claims are subject to their own specific venue statute and are not governed by the general venue statute. 28 U.S.C. § 1400(a). For copyright infringement claims, venue is proper only "in the district in which the defendant or his agent resides or may be found." *Id*. If the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue or transfer to another District is within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Under the copyright venue statute, "resides" for a corporate defendant means its state of incorporation. *Cf. TC Heartland LLC v. Kraft Foods Grp, Brands LLC*, 581 U.S. 258, 262 (2017) (interpreting "resides" in the parallel provision for patent venue in 28 U.S.C. § 1400(a)). A defendant or its agent, however, "may be found" where they are subject to personal jurisdiction. *See Columbia Pictures Telev. v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds, Feltner v. Columbia Pictures Telev., Inc.,* 523 U.S. 340 (1998). If venue is improper for any one defendant then it is improper for all defendants and the

case must be dismissed. *See Gamboa v. USA Cycling, Inc.*, No. 2:12-cv-10051-ODW(MRWx), 2013 WL 1700951, at *4, (C.D. Cal. Apr. 18, 2013) (rejecting "[t]he theory of pendent-party venue [which] provides that if all claims arise out of the same transaction or occurrence and venue is proper as to at least one defendant, a court should be able to retain the entire action under a pendent-party venue"); *see also Leroy-Garcia v. Brave Arts Licensing*, No. C 13-01181 LB, 2013 WL 4013869, at *12, (N.D. Cal. Aug. 5, 2013) (rejecting "pendent party venue" theory); *Markel Am. Ins. Co. v. Pac. Asian Enters.*, No. C-07-5749 SC, 2008 WL 2951277 at *2, 2008 U.S. Dist. LEXIS 60536 at *5 (N.D. Cal. July 28, 2008) (stating that, "'[w]hen there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to *each defendant* and as to each claim'") (emphasis added).

## C.    First-to-File Rule

The first-to-file rule is a "recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *HiTherm, LLC v. Victaulic Company*, No. 8:22-00924-ADS, 2022 WL 19239750, at *2 (C.D. Cal. July 7, 2022) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). The first-to-file rule allows a district court to dismiss, transfer or stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). This rule is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991) (alteration in original). The first-filed rule "provides that where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.,* 219 F.Supp.2d 1081, 1089 (S.D. Cal. 2002) (citations omitted); *see also No Cost Conf., Inc. v.*

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

*Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1305 (S.D. Cal. 2013) (concluding that the action should proceed as the first-filed action). When applying the first-to-file rule, courts should be driven to maximize "economy, consistency, and comity." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 704 (N.D. Cal. 2021) (citing *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 604 (5th Cir. 1999)).

### D.    Transfer for Convenience

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).

The moving party must establish "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho–McNeil Pharm., Inc.,* 602 F.Supp.2d 1151, 1155–56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D. Cal. 1992)). Once venue is determined to be proper in both districts, the court should consider factors such as: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Id.*

IV.    **ARGUMENT**

A.    **The Complaint Should Be Dismissed for Lack of Personal Jurisdiction**

The Court should dismiss the Complaint because it fails to adequately allege personal jurisdiction or proper venue as to any Defendant. *See* Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(6). The Complaint does not allege general jurisdiction over any Defendant, conceding there is none. Dkt. 1. The Complaint also fails to adequately allege specific jurisdiction over any Defendant. Rather than allege facts establishing the Court has specific jurisdiction over each Defendant (DBI, DSW and Topo), as is required, the Complaint improperly groups all Defendants into a single collective and then makes conclusory allegations against the collective as a whole. *See* Dkt. 1 at p. 1 ("…for their Complaint against Designer Brands Inc., DSW Shoe Warehouse, Inc., Topo Athletic LLC, and Does 1 through 25 (collectively. 'DSW' or 'Defendants')"); *id.* at ¶¶ 9-17 (lodging jurisdiction and venue allegation against the collective "DSW" rather than any individual defendant). Such "group pleading" is insufficient to establish personal jurisdiction as to any Defendant. *See, e.g., Ethereummax*, 2022 WL 20804358, at *9.

Yet even Plaintiffs' resort to group pleading fails to demonstrate personal jurisdiction over even the fictitious group. To plead purposeful "availment" or direction towards California, the Complaint must allege facts demonstrating that: (a) Defendants committed an intentional act, (b) expressly aimed at California, and (c) Defendants knew the brunt of the harm was likely to be suffered in California. *Dole*, 303 F.3d at 1111. The Complaint makes no such allegations; rather, nearly all the Complaint's allegations concern conduct that did not occur in California. Dkt. 1; *see also supra* at 6-8. There is also no attempt to assert an "individualized targeting" theory of specific jurisdiction, *i.e.*, that Defendants knew that the copyright owners were in California. *Axiom*, 874 F.3d at 1069. In fact, Plaintiffs are **not** based in California. Rather, with one exception, all Plaintiffs are in New York City—and the

17

exception is in Florida. *See* discussion *supra* at 3-4.

No party is in California. The Complaint alleges only a single attenuated nexus between the copyright claims it asserts and California: an allegation that Defendant DSW shared a social media post about the Coachella music festival. Dkt. 1 at ¶¶ 14, 51 (Figs. 9 & 10). But the Complaint does not allege any ***facts*** claiming that this post was expressly aimed at California—as opposed to aimed at persons who were not at Coachella or even in California—or that the "brunt of the harm" from this post was likely to be suffered in California. *Dole*, 303 F.3d at 1111. Moreover, there are no alleged ***facts*** that would make this accused post applicable to all Defendants. *Id.* Plaintiffs may improperly define DBI, Topo and DSW as a collective "DSW", but these are separate corporate entities with distinct businesses, *see* Alfano Decl. at ¶¶ 11-13 & Riley Decl. at ¶¶ 8, and the cited post was on only DSW's account. Dkt. 1 at ¶ 51 & Figs. 9 &10.[9]

Without a plausible allegation that the Court has general or specific jurisdiction over any Defendant, the Complaint fails to allege the Court has personal jurisdiction over this action. The Complaint should be dismissed. *See* Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(6).

**B.    No Set of Allegations Could Establish That the Court Has Personal Jurisdiction Over Defendants Topo Or DBI**.

The Court should also dismiss defendants Topo and DBI because there are no circumstances under which Plaintiffs could plead personal jurisdiction over either Defendant. Topo and DBI have no relevant presence in California. Alfano Decl. at ¶¶ 8-10; Riley Decl. at ¶¶ 2-7, 9, 10. None of the alleged infringing acts by DBI or Topo were performed in California. Alfano Decl. at ¶¶ 7, 10; Riley Decl. at ¶¶ 6-10.  Nor

---

[9] Indeed, most of the Complaint's purported personal jurisdiction allegations are plainly irrelevant (*e.g.*, the alleged presence of retail outlets who do not post to social media and a closed warehouse operated by a third party, not any Defendant) or are alleged without facts but "on information and belief." Dkt. 1 at ¶¶ 10-16.

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

were any alleged infringing acts directed to California in any fashion. *Id*.

First, none of the accused Topo or DBI social media posts have any connection to California. Indeed, the accused Topo posts were made on the other side of the country in Massachusetts and there is no evidence any posts were directed towards California. Riley Decl. at ¶¶ 6-10. The Complaint and its Exhibit A alleges only a single accused post by DBI, and it has nothing to do with California. *See* Dkt. 1, 1-1; Alfano Decl. at ¶¶ 7, 10.

Second, there is no basis to believe that Plaintiffs might somehow find a post from Topo or DBI that was made in California or that targets California residents or the California market. Neither Topo nor DBI has any social media presence in California or any interest served by targeting California at the exclusion of the rest of the country. Alfano Decl. at ¶¶ 8-10; Riley Decl. at ¶¶ 2, 6, 10. Topo's social media presence is in Massachusetts, and it targets a **nationwide** market with the assistance of a third-party platform based in Chicago. Riley Decl. at ¶¶ 6. 7, 10(a), 10(b). Aside from a single accused Instagram Story, the only social media account currently operated by DBI is a LinkedIn account that posts without music. Alfano Decl. at ¶¶ 6, 7.

Third, all of Topo's and DBI's operations, including their facilities and all potentially relevant employees, are located outside of California. Alfano Decl. at ¶ 8; Riley Decl. at ¶¶ 2, 4, 5. Topo and DBI have almost no contact with California or its residents and certainly have no contacts that relate in any way to the accused social media posts or Plaintiffs' allegations and claims. Alfano Decl. at ¶¶ 2-10; Riley Decl. at ¶¶ 2-6, 9, 10.

There is no basis to bring Topo and DBI to California to litigate a claim brought by New York Plaintiffs when Defendants have had no relevant contacts with California and certainly have not "purposefully availed" themselves of California's laws, citizens, or markets. For these additional reasons, the Complaint should be

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

dismissed with prejudice pursuant to Rule 12(b)(2) as to Topo and DBI.[10]

### C.    The Court's Lack of Personal Jurisdiction Over Any One Defendant Requires Dismissal For Improper Venue As To All Defendants

If venue is improper as to any one defendant then venue is improper for all defendants. *See, e.g., Gamboa*, 2013 WL 1700951, at *4 (C.D. Cal. Apr. 18, 2013); *cf. Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). As discussed above, at a minimum personal jurisdiction is lacking as to Topo and DBI, and thus venue is also improper as to Topo and DBI. *See* Part III.B, *supra*. Accordingly, this District is not a proper venue for this dispute. *Columbia Pictures Television,* 106 F.3d at 289. The Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(3). Alternatively, if this case is not dismissed outright, it should be transferred to the Southern District of Ohio. 28 U.S.C. 1406(a).

### D.    The Complaint Should Be Dismissed Under the First-To-File Rule

The Court's lack of personal jurisdiction over Defendants, as well as that venue is improper in this District, each independently requires dismissal of the Complaint. The Complaint should also be dismissed under the first-to-file rule, however, or alternatively transferred to the Southern District of Ohio.

#### 1.    All Elements of the First-to-File Rule Are Met

All three elements to apply the first-to-file rule and dismiss this case are met. *See, e.g., HiTherm*, 2022 WL 19239750, at *2. The Ohio cases were unquestionably filed first. The lead plaintiff in this case, SME, is also a declaratory judgment defendant in the Second Ohio Case; although this case adds more plaintiffs, all of them are owned by or related to SME. Thus, there is substantial overlap among the

---

[10] As discussed in Part III.C (lack of venue), the Court's lack of personal jurisdiction over either Topo or DBI means that the Court should also dismiss the claims against DSW.

parties. Third, the subject matter of this case is fully subsumed within the Ohio cases: SME is seeking a finding that its copyrights are infringed in this case, and Defendants are seeking a declaration that those very same copyrights are not infringed in the Ohio cases. The first-to-file rule squarely applies, and this case should be dismissed in favor of the Ohio cases.

## 2.    No Exception Applies

Indeed, Plaintiffs' only plausible basis for arguing that the first-to-file rule should not apply here is a narrow exception to the rule, *viz.*, that the Second Ohio Case was purportedly an "anticipatory" filing because, among other things, SME sent an email to Defendants' counsel stating that "SME plans to move ahead with preparing a complaint." Barron Decl., Ex. F.  An anticipatory filing is an exception to the first-to-file rule, but it has no application here. In order to determine whether the anticipatory filing exception applies, the Court asks: "(1) whether the first suit was a declaratory judgment action; (2) whether the first suit short-circuited ongoing and potentially-fruitful settlement talks; (3) whether the first-filed plaintiff misrepresented its intentions in order to gain filing priority; (4) and whether the burden of proof or applicable law would change depending on the forum." *HiTherm*, 2022 WL 19239750, at *2-*3 (rejecting application of the anticipatory filing exception).

First, although the Second Ohio Case is a declaratory judgment action typically weighs in favor of applying the anticipatory filing exception to the first-to-file rule (factor 1), this factor is entitled to little weight here. That is because Defendants "had a 'preexisting motive' to seek relief beyond a declaratory judgment action" directed only to SME and Plaintiffs claims. *HiTherm*, 2022 WL 19239750, at *2. As discussed above, Defendants' preexisting motive to file a declaratory judgment action in Ohio was the presence of the First Ohio Case and the need to join SME and the other labels with Warner's pre-existing claims because of the commonality between the accused works, songs, and posts. *See supra* at 5-6. Due to these overlaps—indeed, SME has claimed rights in some of ***the same songs*** and accused ***the same posts*** as Warner—

21

party and judicial efficiency favor addressing Plaintiffs' claims as part of the consolidated Ohio cases.

Second, Defendants' filing of the Second Ohio Case did not short-circuit ongoing and potentially fruitful settlement talks (factor 2). Barron Decl., Exs. E, F. The parties had been trading positions for months, and the final exchanges reflected SME's refusal to participate in a global mediation and determination to go it alone. *Id.*, Ex. F. Defendants did not misrepresent their intentions and beat SME to the Courthouse with the Second Ohio Case with deception or artifice (factor 3). Defendants filed a comprehensive declaratory judgment complaint in the Second Ohio Case in the same district as the First Warner Case, which is fully consistent with Defendants' attempts to reach a global resolution of this dispute. *Id.*, Exs. B, F.

Third, copyright law is determined at the federal level, and the burden of proof or applicable law would not change depending on the forum (factor 4). To the contrary, due to its overlap with the Ohio cases, having this case proceed on an independent track would be disruptive and risks inconsistent and contradictory rulings and judgments. For example, Plaintiffs are seeking an award of statutory damages in this case for each allegedly infringed work. Dkt. 1 at ¶¶ 74, 82, 92. But Plaintiffs' request for statutory damages in this case conflicts with Warner's request for an award of the ***same*** statutory damages for alleged infringement of many of the ***same*** songs in many of the ***same*** accused posts in the First Ohio Case.

"The Copyright Act permits a copyright owner to elect an award of statutory damages in lieu of actual damages and profits." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264 (9th Cir. 2021) (citing 17 U.S.C. § 504(c)(1). "The number of awards available under this provision depends not on the number of separate infringements, but rather on (1) the number of individual 'works' infringed and (2) the number of separate infringers." *Id.* at 1264-1265 (quoting *Friedman v. Live Nation Merch., Inc*., 833 F.3d 1180, 1189–90 (9th Cir. 2016)). Plaintiffs in this case claim to own copyrights in the sound recordings and Warner claims to own copyrights in the

song compositions, but this is of no moment: "Sound recordings are defined in section 101 as a species of derivative work of the underlying musical composition, and, as such, both fall within the one work, one award rule for statutory damages that only award[s] for infringement of both works ... regardless of whether there are different owners." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 95 (2d Cir. 2016); *accord Lee v. Amazon.com Inc*., No. 221CV01090RAJBAT, 2023 WL 6931800, at *10 (W.D. Wash. July 27, 2023), *report and recommendation adopted,* No. 2:21-CV-01090-RAJ, 2023 WL 6896663 (W.D. Wash. Oct. 19, 2023), *aff'd,* No. 23-3132, 2025 WL 1202522 (9th Cir. Apr. 25, 2025) ("Given the statutory command that "all the parts of a compilation or derivative work constitute one work," a single registration for a record album containing multiple songs, several of which are infringed, will result in a single statutory award for the album.").

The Ohio cases predate Plaintiffs' Complaint, the material parties overlap, and the subject matter is the same. Plaintiffs in this case are seeking the same, overlapping statutory damages as is Warner in the First Ohio Case and Plaintiffs' declaratory judgment co-defendants will presumably seek in the Second Ohio Case. There is no basis to apply any exception to the first-to-file rule. This case should be dismissed on grounds of the first-to-file rule as well. If not dismissed, however, the first-to-file rule mandates that it should be transferred to the Southern District of Ohio.

**E.    Alternatively, If Not Dismissed, The Case Should Be Transferred For Party And Judicial Convenience Under 28 U.S.C. § 1404(a)**

If the Complaint is not dismissed outright, it should be transferred to the Southern District of Ohio where the Ohio cases are already pending and cover the same subject matter as this action. These New York Plaintiffs are forum shopping: they have no alleged connection to this District or California, and neither do Defendants or this case. It also makes no sense for this Court to address a subset of the claims and issues that are already a part of the Ohio cases. Moreover, the Southern District of Ohio is unquestionably more convenient to the parties and transfer would

before more efficient for the parties and the judiciary.

First, transfer to the Southern District of Ohio will avoid the risk of inconsistent rulings and be more efficient for both the parties and the judiciary. The Southern District of Ohio is already hearing Warner's overlapping claims against Defendants in the First Ohio Case. The Second Ohio Case fully encompasses the claims in this case, and the claims Plaintiffs seek to assert in this case overlap with claims by other parties in the Second Ohio Case. And the same discovery taken in the Ohio cases will fully subsume the discovery that may be taken in this case. These cases should be consolidated in Ohio; there is no need to duplicate those efforts or risk inconsistent rulings on discovery matters.

Second, the Southern District of Ohio is more convenient to the parties and the witnesses. Defendants and their employees are either located in Ohio or are a short flight away. New York-based Plaintiffs are also much closer to Columbus, Ohio, as compared to Los Angeles, California. Even Plaintiffs' primary counsel is in New York, not Los Angeles.

Third, the evidence and documents will primarily be in Ohio, Massachusetts and New York, where the Plaintiffs and Defendants are located—not this District. Indeed, even for the alleged infringing posts that somehow refer to events in California (such as Coachella), Defendants' documents and information surrounding the posts are located outside of California. Alfano Decl. at ¶¶ 2-10; Riley Decl. at ¶¶ 2-10.

Fourth, local interests favor transfer to the Southern District of Ohio. There is a strong public interest in having the parties' dispute resolved in a state and district where at least **one** of the parties reside. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257-259 (1981) and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). **None** of the parties are in Los Angeles or California. There is no reason to intrude upon the time of a California Court and jury for a dispute that has no connection to California. Moreover, the same

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  judge and magistrate in the Southern District of Ohio are already handling the

2  consolidated Ohio cases; they are well placed to address this case as well.

3      Finally, the Southern District of Ohio has jurisdiction over the parties.

4  Defendants are either headquartered in Ohio (DBI and DSW) or have a presence there

5  (Topo). Plaintiffs are also subject to personal jurisdiction and venue in the Southern

6  District of Ohio due at least to their demands that Defendants enter tolling agreement

7  with them and threats of bringing copyright infringement claims against Defendants.

8  *See, e.g., Yahoo! Inc. v. La Ligue Contre le Racisme et l'Antisemitisme*, 433 F.3d 1199,

9  1208 (9th Cir. 2006) (*en banc*) (explaining that a cease-and-desist letter could be the

10 basis for personal jurisdiction); *accord Trimble Inc. v. PerDiemCo LLC,* 997 F.3d

11 1147, 1155 (Fed. Cir. 2021) (in the context of patent litigation, communications

12 threatening suit or proposing settlement or patent licenses can be sufficient to

13 establish personal jurisdiction); *compare* Barron Decl., Exs. E, F.

14     In sum, if this case is not dismissed outright, all factors favor a transfer to the

15 Southern District of Ohio. This Court should do so.

16 **V.    CONCLUSION**

17     For the foregoing reasons, Defendants respectfully request that the Court grant

18 their Motion and dismiss Plaintiffs' Complaint. Alternatively, if the Court does not

19 dismiss this case, it should transfer the case to the Southern District of Ohio pursuant

20 to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a), and the first-to-file rule.

21     Dated: October 7, 2025          BARNES & THORNBURG LLP

22

23                                    By:   /s/ Garrett S. Llewellyn

24                                    Garrett S. Llewellyn
25                                    Jeff M. Barron (*pro hac vice*)

26                                    Attorneys for Defendants
27                                    DESIGNER BRANDS, INC.,
                                      DSW SHOE WAREHOUSE,   INC., and
28                                    TOPO ATHLETIC, LLC.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES