CYNTHIA S. ARATO (SBN 156856)
carato@shapiroarato.com
FABIEN M. THAYAMBALLI (SBN 284752)
fthayamballi@shapiroarato.com
AVERY D. MEDJUCK (*pro hac vice*)
amedjuck@shapiroarato.com
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, New York 10036
Telephone: (212) 257-4880

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, ULTRA RECORDS, LLC, ZOMBA RECORDING, LLC, RECORDS LABEL, LLC, and LaFACE RECORDS, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> DESIGNER BRANDS INC., DSW SHOE WAREHOUSE, INC. TOPO ATHLETIC, LLC, and DOES 1-25, <br><br> *Defendants*. | Case No. 2:25-cv-07285-JC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY** <br><br> Judge: Hon. Jacqueline Chooljian <br> Hearing Date: November 18, 2025 <br> Hearing Time: 9:30 a.m. <br> Courtroom: 750 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I. The Court Should Deny the Request For A Full Stay ............................................ 2

    A. The Court Should Decline to Consider the Request for a
       Full Stay Because Defendants Failed to Meet and Confer
       About a Full Stay .......................................................................................... 2

    B. There is No Basis for the Court to Consider or Grant a
       Full Stay ........................................................................................................ 3

II. The Court Should Deny Defendants' Request For A Discovery Stay ................... 5

    A. Defendants Ignore the Correct Legal Standard for a
       Discovery Stay ............................................................................................. 5

    B. Defendants Misrepresent the Actions to Wrongly Claim
       Supposed Efficiencies of Conducting Discovery in the
       Ohio Action Only ......................................................................................... 9

CONCLUSION ................................................................................................................... 12


**TABLE OF AUTHORITIES**

**Cases**   **Page(s)**

*Amey v. Cinemark USA Inc.*,
 No. CV 12-06248 MMM (CWx), 2013 WL 12143815
 (C.D. Cal. Oct. 18, 2013) ............................................................................... 6

*Aspex Eyewear, Inc. v Revolution Eyewear, Inc.*,
 No. CV 07-05042 (MMM) (CWx), 2008 WL 11409571
 (C.D. Cal. Mar. 7, 2008) ................................................................................. 4

*Chudasama v. Mazda Motor Corp.*,
 123 F.3d 1353 (11th Cir. 1997) ....................................................................... 5

*Doyle v. OneWest Bank, N.A.*,
 No. CV 13-05951 SJO (JEMx), 2015 WL 4605776
 (C.D. Cal. May 21, 2015) ............................................................................... 4

*GOJO Indus., Inc. v. Barough*,
 No. CV 17-1382-DOC(JDEx), 2018 WL 5880829 (C.D. Cal. Apr. 2, 2018) ... 5

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
 192 F.R.D. 284 (S.D. Cal. 2000) ..................................................................... 7

*Kor Media Grp., LLC v. Green*,
 294 F.R.D. 579 (D. Nev. 2013) ....................................................................... 7

*Little v. City of Seattle*,
 863 F.2d 681 (9th Cir. 1988) ........................................................................... 5

*Lockyer v. Mirant Corp.*,
 398 F.3d 1098 (9th Cir. 2005) ......................................................................... 4

*LPOD, Inc. v. Kinder Morgan Liquids Terminals LLC*,
 No. 1:23-cv-01498-KES-CDB, 2024 WL 3498411
 (E.D. Cal. July 22, 2024) ................................................................................ 8

*Martinez v. Las Vegas Metro. Police Dep't*,
 No. 2:20-cv-00618-JCM-NJK, 2020 WL 3166611 (D. Nev. June 9, 2020) ... 9

*Mason v. Spring EQ LLC*,
 No. 5:24-cv-1833-MWC (AGRx), 2024 WL 5424385
 (C.D. Cal. Nov. 27, 2024) ............................................................................... 7

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
 No. CV 12-02943 MMM (FFMx), 2013 WL 12129944
 (C.D. Cal. Jan. 14, 2013) ............................................................................ 5, 6


*Mlejnecky v. Olympus Imaging America, Inc.*,
   No. 2:10-cv-02630 JAM KJN, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ............ 6, 7

*Nguyen v. BMW of N. Am., LLC*,
   No. 20CV2432-JLS(BLM), 2021 WL 2284113 (S.D. Cal. June 4, 2021) ............... 5, 9

*NMS 1539, LLC v. City of Santa Monica*,
   No. 2:20-cv-11318-FLA (JPRx), 2022 WL 3575311
   (C.D. Cal. July 26, 2022) ........................................................................................ 6, 8

*Phil. Indemnity Ins. Co. v. Talega Maint. Corp.*,
   No. 8:23-cv-00466-FWS-KES, 2023 WL 8191139
   (C.D. Cal. July 21, 2023) ............................................................................................. 5

*Quezambra v. United Domestic Workers of America*,
   No. 8:19-cv-00927-JLS-JEM, 2019 WL 8108745
   (C.D. Cal. Nov. 14, 2019) ........................................................................................ 5, 6

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................................ 5

*Salas v. Spearman*,
   No. SACV 16-2229-AG(AJW), 2017 WL 11635295
   (C.D. Cal. Aug. 4, 2017) .............................................................................................. 5

*Seven Springs Ltd. P'ship v. Fox Capital Management Corp.*,
   No. S-07-0142 LKK GGH, 2007 WL 1146607
   (E.D. Cal. April 18, 2007) ......................................................................................... 7, 8

*Singh v. Google, Inc.*,
   No. 16-cv-03734-BLF, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ........................ 8

*Smith v. Experian Info. Sols., Inc.*,
   No. SACV 17-00629-CJC(AFMx), 2018 WL 1427162
   (C.D. Cal. Jan. 19, 2018) ............................................................................................. 4

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) .................................................................................... 7

**Rules**

Fed. R. Civ. P. 15 ................................................................................................................ 8

L.R. 7-3 ........................................................................................................................... 2, 3

L.R. 7-4 ............................................................................................................................... 3

# PRELIMINARY STATEMENT

The Court should deny each of Defendants' alternative requests to stay this action in its entirety or for a discovery stay. Defendants' requests are based on mischaracterizations of the law as well as the scope and progress of this action and the anticipatory action for declaratory relief which Defendants improperly filed in the Southern District of Ohio (the "Ohio Action"). No stay is warranted pending the Court's ruling on Defendants' Motion to Dismiss or to Transfer ("Motion to Dismiss").

The Court should decline to consider Defendants' request for a full stay of these proceedings because Defendants failed to meet and confer with Plaintiffs (Sony Music Entertainment and various of its affiliates, together "SME") about this request. Until filing this motion, Defendants told SME and the Court that Defendants sought a stay of discovery only. Regardless, other than normal discovery, Defendants fail to identify any activity that will occur in this action pending the Court's ruling on Defendants' Motion to Dismiss, much less any adverse action, to which a stay would apply or guard against. There is therefore no basis upon which to stay all proceedings in this action.

The Court also should deny Defendants' alternative request for a discovery stay. Defendants contend such a stay is warranted because Defendants' Motion to Dismiss is potentially dispositive of this entire case, regardless of its underlying merits or the likelihood the Court will grant it. But district courts in this Circuit do not rule in such a theoretical world. Rather, they hold that courts are to consider a moving party's *actual* likelihood of success on its underlying, dispositive motion before granting a discovery stay. Here, for the reasons set forth in SME's Opposition to that motion (*see* Dkt. 31), there is no likelihood the Court will grant Defendants' Motion to Dismiss (and certainly not with prejudice). Defendants' Motion to Dismiss thus does not support the requested discovery stay.

Defendants also misrepresent the scope and progress of both this action and the Ohio Action") to wrongly contend that proceeding with discovery in the Ohio Action will be more efficient and conserve judicial resources. But it would be far more

1  efficient to conduct discovery in this forum, including because SME's Complaint here
2  is the sole pleading that covers the entirety of parties' dispute and includes all relevant
3  copyright owners (Defendants named only one SME entity, Sony Music Entertainment
4  itself, in the Ohio Action), and the discovery Defendants have propounded in the Ohio
5  Action is centered around this action and not the one pending in Ohio.
6      Finally, SME served its affirmative discovery demands in this action only, and
7  Defendants served their affirmative discovery demands in the Ohio Action only. Thus,
8  if the Court were to stay discovery in this action, Defendants would be shielded from
9  responding to SME's discovery while still obtaining responses to the affirmative
10 discovery they served in the Ohio Action. Defendants' motion thus does not "seek[] to
11 preserve the *status quo* until the Court has an opportunity to make a ruling" on
12 Defendants' Motion to Dismiss. (Mot. at 7). It seeks to give Defendants an unfair
13 head start in discovery, to Plaintiffs' detriment.

## ARGUMENT

### I. THE COURT SHOULD DENY THE REQUEST FOR A FULL STAY

#### A. The Court Should Decline to Consider the Request for a Full Stay Because Defendants Failed to Meet and Confer About a Full Stay

The Court should decline to consider Defendants' request for a full stay of this action because Defendants never met and conferred with SME about such a request, in violation of Local Rule 7-3 of the Local Rules-Central District of California. (Declaration of Cynthia S. Arato ("Arato Decl.") ¶ 3).

Prior to filing their motion for a stay on October 21, 2025, Defendants never told either SME or the Court that they intended to seek such broad relief. (*Id.*) To the contrary, when the parties met and conferred on October 7, 2024 to discuss their Rule 26(f) Report, Defendants discussed a stay of discovery only. (*Id.* ¶ 4). Defendants contend they met and conferred about a full stay of proceedings during a September 30, 2025 meet and confer regarding their Motion to Dismiss (Declaration of Jeff M. Barron ("Barron Decl") ¶ 8), but the parties did not meet and confer then about any

stay, although Defendants mentioned an intent to seek a stay of discovery (Declaration of Avery D. Medjuck ¶ 3). Defendants confirmed both points one week later by email: "as we discussed *at the Rule 26(f) conference*" —not at any prior supposed meet and confer—"(and as reflected in Rule 26(f) report itself), we will file a *motion to stay discovery* pending resolution of our motion to dismiss." (Arato Decl. Ex. A). In the Joint Report of Counsel Pursuant to Fed. R. Civ. P. 26(f), which the parties filed with the Court on October 14, 2025, Defendants repeated that intent to both SME and the Court—nine times.[1]

Because Defendants failed to comply with the Court's Local Rule 7-3 meet and confer requirement regarding their request for a stay of all proceedings, the Court should exercise its discretion to "decline to consider" that part of their motion. Local Rule 7-4 of the Local Rules-Central District of California.

**B.   There is No Basis for the Court to Consider or Grant a Full Stay**

Except for SME's pending discovery requests, Defendants identify no activity that will occur in this action pending the Court's ruling on Defendants' Motion to Dismiss, much less any adverse action, to which a stay would apply or guard against. Defendants throw out generic terms and phrases supportive of a full stay (Mot. at 2, 9, 10) but fail to demonstrate how those terms and phrases apply to this action—and they do not. Both this action and the Ohio Action are in their early stages, and, other than this motion, no motions have been filed in either court except for early motions to dismiss, which Defendants *do not ask the Court to stay.* (Arato Decl. ¶ 6). It thus

---

[1] *See* Dkt. 27 at 5 ("Defendants respectfully request that *discovery in this case* be stayed until the Court resolves their motion to dismiss. . . . Defendants will further explain why a *stay of discovery* is proper for this case in their forthcoming motion to *stay discovery*); *id*. at 15 (same); *id*. at 10 and 12 ("Defendants believe that *discovery in this action* should be stayed"); *id*. at 13 ("Defendants are seeking a *stay of discovery*"); *id*. at 14 ("Defendants expect to file a motion to *stay or defer discovery*"); *id*. at 18 ("Defendants thank the Court for its time and consideration of . . . their request that *discovery be stayed* until the motion [to dismiss] has been decided."); *id*. at Ex. A ("Defendants' proposals are in the alternative to their request for a *stay of discovery*"). (Unless otherwise noted all emphases are added by SME.)

appears that Defendants contrived their newly identified request for a full stay of proceedings—which, in practice, seeks nothing beyond a discovery stay—to evade the legal test for such a stay, which they cannot meet. (*See infra* at 5-9).

Regardless, Defendants do not meet the standards for a full stay of this action. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). *First*, a full stay will impose hardship and inequity on SME (*id.*), because it will freeze the discovery SME served on Defendants in this action, while leaving undisturbed the discovery Defendants served on SME in the Ohio Action, when a discovery stay is unwarranted for the reasons set forth below. (*See infra* at 5-12). *Second*, Defendants will suffer no hardship or inequity in the absence of a stay and cannot demonstrate the requisite "clear case" of the same, *Lockyer*, 398 F.3d at 1112, because absent a stay, Defendants will simply be required to provide discovery which will eventually be used in one action or the other, as also explained below. (*See infra* at 8-9 and 11-12). *Finally*, the requested stay will not "simplify [any] issues, proof, and questions of law," because Defendants request a stay only until the Court resolves their Motion to Dismiss and identify nothing else on the horizon, other than discovery, that would be subject to the stay. *Lockyer*, 398 F.3d at 1110.

None of Defendants' cited cases support their request for a full stay, because none concern the present circumstances—a request for a stay of proceedings pending the Court's ruling on a motion to dismiss and which implicates nothing but discovery. The cases Defendants cite in support of their request for a full stay either denied the stay request[2] or concern: (1) a stay of proceedings pending the appeal of a prior, fully litigated case;[3] (2) a discovery stay under standards applicable to a discovery stay or

---

[2] *Lockyer*, 398 F.3d 1098.

[3] *Smith v. Experian Info. Sols., Inc.*, No. SACV 17-00629-CJC(AFMx), 2018 WL 1427162 (C.D. Cal. Jan. 19, 2018); *Doyle v. OneWest Bank, N.A.*, No. CV 13-05951 SJO (JEMx), 2015 WL 4605776 (C.D. Cal. May 21, 2015); *Aspex Eyewear, Inc. v Revolution Eyewear, Inc.*, No. CV 07-05042 (MMM) (CWx), 2008 WL 11409571 (C.D. Cal. Mar. 7, 2008)

discovery sanctions;[4] or (3) special circumstances that are not present here.[5]

## II. THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR A DISCOVERY STAY

### A. Defendants Ignore the Correct Legal Standard for a Discovery Stay

Defendants do not fairly represent the legal standard they must meet to obtain a stay of discovery, which requires that they demonstrate something they cannot: a likelihood of success on the merits of their underlying Motion to Dismiss. For the reasons set forth in SME's Opposition to Defendants' Motion to Dismiss (Dkt. 31), the likelihood of the Court granting Defendants' underlying motion ranges from impossible to remote, and the theoretical possibility that Defendants might succeed on their motion does not warrant staying discovery against them. Accordingly, the Court should deny Defendants' motion for a stay of discovery.

Defendants rely on a two-element test from *Quezambra v. United Domestic Workers of America*, No. 8:19-cv-00927-JLS-JEM, 2019 WL 8108745 (C.D. Cal. Nov. 14, 2019), which they claim tests only the theoretical—not actual—possibility that their Motion to Dismiss will fully dispose of this action and whether that motion can be decided without discovery. (Mot. at 6). On the first element, relying on *Quezambra*, Defendants contend they must demonstrate only that their Motion to Dismiss is "*potentially* dispositive of the entire case," and they tuck into a

---

[4] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988); *Nguyen v. BMW of N. Am., LLC*, No. 20CV2432-JLS(BLM), 2021 WL 2284113 (S.D. Cal. June 4, 2021); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129944 (C.D. Cal. Jan. 14, 2013).

[5] *Phil. Indemnity Ins. Co. v. Talega Maint. Corp.*, No. 8:23-cv-00466-FWS-KES, 2023 WL 8191139 (C.D. Cal. July 21, 2023) (staying action seeking declaration of insurer's duty to defend); *GOJO Indus., Inc. v. Barough*, No. CV 17-1382-DOC(JDEx), 2018 WL 5880829 (C.D. Cal. Apr. 2, 2018) (staying action which a pro se litigant may not be able to fully defend); *Salas v. Spearman*, No. SACV 16-2229-AG(AJW), 2017 WL 11635295 (C.D. Cal. Aug. 4, 2017) (staying action in favor of state court habeas corpus petition); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (staying action pending motion to consolidate cases before Judicial Panel on Multidistrict Litigation).

parenthetical the misleading contention that "district courts *can*," *i.e.*, are not required to, "take a 'peek' at the dispositive motion to determine if it is likely to fully resolve the case." (Mot. at 6; *see also id.* at 8).

That is wrong. Even *Quezambra* acknowledges that "[t]he Ninth Circuit has not provided a clear standard for district courts to apply when determining whether it is appropriate to stay discovery pending the outcome of a potentially dispositive motion." *Id.* at *2. And while the district courts in this Circuit have adopted different tests, *NMS 1539, LLC v. City of Santa Monica*, No. 2:20-cv-11318-FLA (JPRx), 2022 WL 3575311, at *1-2 (C.D. Cal. July 26, 2022), many courts require a moving party to demonstrate it is likely to prevail on its underlying dispositive motion before the court will grant a discovery stay. Such decisions include those on which *Quezambra* relies for its supposed standard (at *2) and a third which Defendants cite for a different point (Mot. at 6). That inquiry is not discretionary, and Defendants cannot meet it.

As *Mlejnecky v. Olympus Imaging America, Inc.*, one of the two cases on which *Quezambra* relies, explains: "District courts have consistently found that a judge deciding whether to issue a stay of discovery *should* take a 'peek' *at the merits* of the potentially dispositive motion in evaluating whether a stay should issue." No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *7 (E.D. Cal. Feb. 7, 2011). *Mlejnecky* denied the defendant's motion for a stay of discovery because the defendant failed to demonstrate an "immediate and clear possibility that its motion *will dispose of plaintiff's claim*", *i.e.*, that "plaintiff will be unable to state a claim for relief." *Id.* at 9.

*Amey v. Cinemark USA Inc.*, the second case on which *Quezambra* relies, similarly explains that courts consider "whether, upon a preliminary analysis of the merits of the [underlying] motion, *there appears to be an immediate and clear possibility that it will be granted*." No. CV 12-06248 MMM (CWx), 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013).

The court in *Mireskandari v. Daily Mail & Gen. Tr. PLC*, a case Defendants cite for a different point (Mot. at 6), is the same: it granted a motion to stay discovery

because "Defendants have made a strong showing that they are *likely to succeed on the merits* as respects several of plaintiff's claims." No. CV 12-02943 MMM (FFMx), 2013 WL 12129944, at *2 (C.D. Cal. Jan. 14, 2013).

Other district courts in California are in accord. For example:

- In the Eastern District of California, courts determine "whether [defendant] has shown, by clear and convincing evidence, *that it will prevail on the merits of its dispositive motion.*" *Seven Springs Ltd. P'ship v. Fox Capital Management Corp.*, No. S-07-0142 LKK GGH, 2007 WL 1146607, at * 2 (E.D. Cal. April 18, 2007).
- In the Southern District of California, "it may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility *that it will be granted.*" *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (internal quotation marks omitted).

In addition, the District of Nevada employs an even higher standard. "[M]otions to stay discovery may be granted when," among other things, "the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff *will be unable to state a claim for relief.*" *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).[6]

It is obvious why courts must look at the actual likelihood a moving party's dispositive motion will fully resolve an action, and not just whether, in theory, the

---

[6] Some courts have expressed discomfort with this preliminary evaluation of the merits, including where different judges are to rule on the stay versus the dispositive motion. *See, e.g.*, *Mlejnecky*, 2011 WL 489743, at *8 (commenting on "awkward nature" of the preliminary peek where magistrate judge decides motion to stay only); *Mason v. Spring EQ LLC*, No. 5:24-cv-1833-MWC (AGRx), 2024 WL 5424385, *2 (C.D. Cal. Nov. 27, 2024) (expressing concern that District Court of Nevada's test circumvents procedures for resolving a dispositive motion). Neither concern is present here, as the Court has this case for all purposes (Dkt. 19) and will hear both of Defendants' motions at the same time (Mot. at 4).

motion would dispose of the action if the court were to grant it. A party could meet the latter test by filing an expansive dispositive motion, regardless of whether the motion was meritorious, and such a "standard encourages blanket discovery stays where such stays are probably not warranted." *Seven Springs*, 2007 WL 1146607, at *2.

Defendants cannot meet any of these standards because, for the reasons explained in SME's Opposition to Defendants' Motion to Dismiss, Defendants' motion is devoid of merit: Defendants cannot avail themselves of the "first-to-file" rule because their chronologically first-filed declaratory judgment action in Ohio is a textbook improper anticipatory filing; the Court has personal jurisdiction over each Defendant under various alternative bases; venue here is proper; and this action cannot be transferred to Ohio. (Dkt. 31).

Defendants, moreover, cannot satisfy the two-element test even as they have presented it, because the Motion to Dismiss is not potentially dispositive and SME has sought jurisdictional discovery, at least in the alternative. Even if there was any superficial merit to Defendants' underlying Motion to Dismiss, a granting of that motion would still not dispose of this dispute for two reasons. *First*, even if the Court were to consider granting Defendants' Motion to Dismiss, the Court is to liberally grant leave to amend (Fed. R. Civ. P. 15(a)(2)), and when leave to amend is afforded, Defendants' motion cannot be "dispositive." *See*, *e.g.*, *NMS 1539, LLC v. City of Santa Monica*, No. 2:20-cv-11318-FLA (JPRx), 2022 WL 3575311, at * 2 (C.D. Cal. July 26, 2022) (possibility of leave to amend is reason not to grant a motion for a discovery stay); *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (same).

*Second*, Defendants request a transfer of this action as an alternative to dismissal, and the granting of that request would not resolve this action, it would simply move it to a different forum. *See*, *e.g.*, *LPOD, Inc. v. Kinder Morgan Liquids Terminals LLC*, No. 1:23-cv-01498-KES-CDB, 2024 WL 3498411 (E.D. Cal. July 22, 2024) (denying motion for a discovery stay where underlying motion to remand action

would not be dispositive of the case, as opposed to the court's jurisdiction). Indeed, even if the Court were to grant Defendants' Motion to Dismiss outright, SME's claims will not go away, such that "the case will continue in one court or the other and discovery conducted now would not necessarily result in a waste of the parties' resources." *Martinez v. Las Vegas Metro. Police Dep't*, No. 2:20-cv-00618-JCM-NJK, 2020 WL 3166611, at *1 (D. Nev. June 9, 2020); *cf. Nguyen v. BMW of N. Am., LLC*, No. 20CV2432-JLS(BLM), 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021) (granting stay because if case is dismissed in favor of arbitration the pending discovery may not be "permitted or accepted").

Defendants' attempts to distinguish *Martinez* (Mot. at 11) are unavailing. Whether the *Martinez* court thought it could dismiss just a portion or all the case (by declining to exercise pendant jurisdiction of the remaining state claims), the key point remains: the court declined to stay discovery because any discovery conducted in the federal action, like any discovery conducted here, could be used in another forum.

In addition, contrary to Defendants' assertion (Mot. at 8), SME *has* "claim[ed] that discovery is required to resolve Defendants' Motion." While SME maintains the Court can and should deny Defendants' Motion to Dismiss without the need for jurisdictional discovery, SME has requested such discovery in the alternative in its Opposition to Defendants' Motion to Dismiss. (*See* SME's Opposition to Motion to Dismiss at 22-23 (Dkt. 31 at Page ID #583-84).

### B. Defendants Misrepresent the Actions to Wrongly Claim Supposed Efficiencies of Conducting Discovery in the Ohio Action Only

Defendants misrepresent the actions to falsely claim that proceeding with discovery here will duplicate discovery in the Ohio Action. Contrary to Defendants' contentions (Mot. at 1-2, 12), it would be far more efficient to conduct discovery in this forum including because SME's Complaint in this forum is the sole pleading that covers the entirety of parties' dispute, such that if discovery were to proceed in the Ohio action only, it would cover only a portion of that dispute.

     To manufacture inefficiency, Defendants assert that SME shares with Warner or SME's co-defendants in the Ohio Action "fractional or concurrent rights in the very same copyrights" at issue here. Mot. at 3; *accord* Mot. at 2-4, 9-10. That is false. As SME has explained in its Opposition to Defendants' Motion to Dismiss (Dkt. 31 at 10 and 16, Page ID ##565 and 571), SME owns the entirety of the sound recording copyrights over which it sues in this action, including the sound recording copyright in Beyoncé's "America Has A Problem." No other entity in the Ohio actions is suing over these copyrights.

     In fact, the claims in this action cover a broader range of parties and alleged infringements than Defendants' claim in the Ohio Action. Defendants' declaratory judgment action in Ohio covers Defendants' alleged infringement of only Sony Music Entertainment's copyrights (though Defendants identify no specific copyrighted works at issue). Ohio Action Dkt. 1. But SME's Complaint here asserts claims on behalf of both Sony Music Entertainment *and* seven of its affiliated entities, each of which owns and/or controls different copyrighted works. SME also sues Defendants here for contributory and/or vicarious copyright infringement based, *inter alia*, on Defendant's agencies and influencers direct infringement (*e.g.*, Complaint, Dkt. 1 ¶¶ 6, 45), and the Ohio Action does not address these additional claims. SME also seeks damages in this action (*id*. ¶¶ 74, 82, 92), something Defendants' declaratory relief claim cannot encompass (Ohio Action Dkt. 1). The "claims and defenses in this case" are not "wholly subsumed by the claims and defenses in" DSW's anticipatory "Ohio case[]" (Mot. at 1), and do not merely "duplicat[e the] claims" in that "Ohio Action" (*id*. at 4).

     Furthermore, the Ohio cases also are not "already progressing on the merits." (Mot. at 1). The only case in Ohio already progressing on the merits is the separate action that entities affiliated with the Warner Music Group ("Warner") brought against Defendants, to which neither SME, nor SME's co-defendants in the Ohio Action, are a party. Nothing has progressed on the merits in the Ohio Action to which SME is a party. SME filed a motion to dismiss the Ohio Action (*id*. at 5), and the time for

SME's co-defendants to respond to the Complaint has not yet passed (*id.*).[7]

Any "[o]verlapping discovery already underway in the Ohio cases" (*id.* at 7) demonstrates that discovery between SME and Defendants should take place in this action and not the Ohio Action, because the discovery Defendants served in the Ohio Action revolves around this action. Defendants served SME in the Ohio Action with one set of document demands and one set of interrogatories (Exs. 1 and 2 to Barron Decl. (Dkt. 30-2 and 30-3)), but that discovery keys off *this* action and not the Ohio Action. That is almost certainly because Defendants' Complaint in the Ohio Action fails to identify a single copyright owned by SME or social media advertisement posted by Defendants at issue—one reason, among others, that Defendants' anticipatory filing fails. (*See* Ex. 3 to the Barron Decl. (Dkt. 30-4) (SME's Motion to Dismiss filed in the Ohio Action)). Thus, Defendants' discovery in the Ohio Action seeks information about (1) the "Plaintiffs in the case styled *Sony Music Entertainment, et al. v. Designer Brands Inc., et al.,* No. 2:25-cv-07295 (C.D.C.A.), (the "**California Lawsuit**"); (2) the "**Complaint**" "filed in [that] captioned action; and (3) the "**Subject Songs**" "contained on Schedule A to the Complaint in the California Lawsuit." (Dkt. 30-2 at 3, PageID #491 (emphasis in original)). Of course, this action, not the Ohio Action, is the better action in which to pursue discovery about this action.

Regardless, none of the discovery in this action and the Ohio action is duplicative, as SME has served its discovery in this action and Defendants have served their discovery in the Ohio Action. (*See* Exs. 1, 2, and 4 to the Barron Decl. (Dkt. 30-2, 30-3, and 30-5) and Arato Decl. ¶ 7). The only question, therefore, is whether Defendants should be permitted to pursue their own discovery in their (improperly) chosen forum, while preventing SME from pursuing discovery here.

Finally, it is irrelevant that "SME's motion to dismiss in the [Ohio Action] will not resolve the entire matter." (*Id.* at 12). Sony Music Entertainment's Motion to

---

[7] The time for SME's co-defendants to respond to the Complaint in the Ohio Action is being extended until December 4, 2025. (Arato Decl. ¶ 8).

Dismiss in the Ohio Action will not end that case in its entirety, but that is only because Defendants assert their claims for declaratory relief in that action against other entities too, not just Sony Music Entertainment. But when granted by the Ohio court, Sony Music Entertainment's motion to dismiss will end any litigation between SME and Defendants in the Ohio court, leaving the dispute to be adjudicated here. For this reason too, the Court should not stay discovery in this action.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion in its entirety.

Dated:   New York, New York
         October 28, 2025

SHAPIRO ARATO BACH LLP

By: */s/ Cynthia S. Arato*
Cynthia S. Arato (SBN 156856)
carato@shapiroarato.com
Fabien M. Thayamballi (SBN 284752)
fthayamballi@shapiroarato.com
Avery D. Medjuck (*pro hac vice*)
amedjuck@shapiroarato.com
1140 Avenue of the Americas, 17th Fl.
New York, New York 10036
Telephone: (212) 257-4880

*Attorneys for Plaintiffs*